UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-81734-CIV-ALTMAN

WESCO INSURANCE COMPANY,

     *Plaintiff,*

v.

BLAISE A. REPASKY, *et al.*,

     *Defendants.*

_____/

## ORDER GRANTING MOTION FOR
## FINAL DEFAULT JUDGMENT

The Plaintiff served its Complaint on each of the Defendants [ECF Nos. 8, 9, 12, 18, 19].

One of the Defendants, Michael Dean, filed a Motion for Extension of Time to Respond to the

Complaint [ECF No. 13]—which the Court granted, *see* Paperless Order Granting in Part Motion

for Extension of Time [ECF No. 14]. But Dean then failed to file that response or to move for any

other extensions. The remaining Defendants—Blaise Repasky; Blaise A. Repasky, P.C.;

Alexander Repasky; and Repasky & Repasky (collectively, the "Michigan Defendants")—never

appeared in the case or responded to the Complaint. Accordingly, on April 10 and 16, 2020, the

Clerk entered Defaults against the Defendants [ECF Nos. 23, 25]. The Plaintiff then filed this

Motion for Final Default Judgment (the "Motion") [ECF No. 27]. No Defendant has responded to

the Motion.

## THE FACTS

In this declaratory judgment action, the Plaintiff seeks a declaration of its rights under an

insurance policy it issued to two of the Defendants. On December 10, 2018, Blaise Repasky

("Blaise"), the sole proprietor of "Blaise A. Repasky, P.C.," completed a renewal application (the

"Application") for a professional liability insurance policy issued by the Plaintiff, Wesco Insurance Company ("Wesco"). *See* Compl. ¶¶ 4, 5, 13, 15. On that Application, Blaise affirmatively represented that: (i) he is not an employee of any other entity; (ii) he shares no cases with other attorneys or law firms; (iii) he shares no letterhead with other attorneys or law firms; (iv) he refers no clients to other firms; and (v) he does not work as an independent contractor for other firms. *See id.* ¶ 14. Relying on Blaise's representations, Wesco issued Policy No. WPP 1023125 07 for the coverage period of January 7, 2019 to January 7, 2020. *See id.* ¶ 15; *see also id.* Ex. A (the "Policy"). The Policy made clear that, by signing and accepting coverage, Blaise (as the Insured) was confirming the veracity of the Policy's representations. *See* Compl. ¶ 22 (citing the Policy).

The Policy contains certain exclusions. For example, the Policy does not apply to any claim arising out of the Insured's actions in his capacity as "a former, existing or prospective officer, director, shareholder, partner or manager of a business enterprise . . . unless such enterprise is named in the Declarations." *Id.* ¶ 21. The only entity listed in the Policy's Declarations is Blaise A. Repasky, PC. *See id.* ¶ 19; *see also* Policy at 4. The Policy also does not apply to any claim premised on dishonest or fraudulent conduct by the Insured. *See* Compl. ¶ 19; Policy at 13.

In September of 2019, Michael Dean filed a complaint in the 15th Judicial Circuit in and for Palm Beach County, Florida, against Blaise Repasky, Alexander Repasky, and their law firm—Repasky & Repasky (the "Underlying Action"). *See id.* ¶¶ 23–25; *see also id.* Ex. 2 [ECF No. 1-2] (the "Underlying Complaint"). In that complaint, Dean alleged that Blaise and Alexander Repasky had held themselves out as a law firm (Repasky & Repasky), and that he had hired them in two lawsuits. *See* Compl. ¶¶ 26–29.

At some point after becoming aware of that Underlying Action, Wesco filed this Complaint for declaratory relief. In its Complaint, Wesco asks the Court to declare that it has no duty to

defend or indemnify the Repaskys in the Underlying Action for three reasons. *See generally id.* *First*, Wesco argues that the Policy does not cover the damages Dean seeks in the Underlying Complaint because (1) neither Alexander Repasky nor Repasky & Repasky are named in the Policy, and (2) Blaise Repasky lied about his association with other legal partnerships. *See id.* at Count I. *Second*, Wesco says that, because the Underlying Action arises out of Blaise's actions as a partner of Repasky & Repasky (a firm *not* covered by the Policy), the Underlying Action is subject to Exclusion D of the Policy. *See id.* at Count II. *Third*, Wesco avers that Exclusion A of the Policy also applies, because the Underlying Complaint alleges fraudulent and deceitful conduct. *See id.* at Count III.  In the alternative, Wesco seeks rescission of the Policy. *See id.* at Count IV.

After the Clerk entered defaults against the Defendants, Wesco filed a motion for final default judgment. *See generally* Mot. This Order follows.

## THE LAW

### I.      Choice of Law

A federal court sitting in diversity must apply the choice-of-law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Because Wesco filed this action in Florida, this Court "must determine which state's substantive law the Florida Supreme Court would choose to govern interpretation of the [Wesco] policy, as [it is] 'bound to decide the case the way it appears the state's highest court would.'" *Shapiro v. Associated Int'l Ins. Co.*, 899 F.2d 1116, 1118 (11th Cir. 1990) (quoting *Towne Realty, Inc. v. Safeco Ins. Co. of Am.*, 854 F.2d 1264, 1269 n. 5 (11th Cir. 1988)); *see also U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008).

"Florida courts traditionally have applied the doctrine of *lex loci contractus* and held that

the law of the state where the contract was made or to have been performed governs the interpretation of the contract." *Liberty Surplus Ins. Corp.*, 550 F.3d at 1033. Wesco's well-pled allegations, coupled with the voluminous attachments to its Complaint, make clear that the Contract was executed in Michigan by Blaise Repasky (a Michigan resident), in his capacity as owner of Blaise A. Repasky, P.C. (a Michigan entity), and was then submitted to an AltaPro (an associate of Wesco) location in Michigan. Michigan Law therefore applies.

## II.    Michigan Contract Law

"An insurance policy is similar to any other contractual agreement, and, thus, the court's role is to 'determine what the agreement was and effectuate the intent of the parties.'" *Hunt v. Drielick*, 496 Mich. 366, 372–73 (Mich. 2014) (quoting *Auto–Owners Ins. Co. v. Churchman,* 440 Mich. 560, 566, 489 N.W.2d 431 (Mich. 1992)). That intent "is presumed to reside within the contractual language." *Scott v. State Farm Fire & Cas. Co.*, 86 F. Supp. 3d 727, 733 (E.D. Mich. 2015) (citing *Klapp v. United Ins. Grp. Agency, Inc.*, 663 N.W.2d 447, 458 (Mich. 2003)). The Court must read the contract as a whole and give meaning to each of its terms. *See Wilkie v. Auto– Owners Ins. Co.*, N.W.2d 776, 781 n. 11 (Mich. 2003). When a policy defines its own terms—and so long as the definitions lack ambiguity—those definitions control. *See Henderson v. State Farm Fire & Cas. Co.*, 596 N.W.2d 190, 193 (1999)

"Under Michigan law, 'an insurance company has a contractual obligation to defend and indemnify its insured 'with respect to insurance afforded by the policy. If the policy does not apply, there is no duty to defend.'" *Scott*, 86 F. Supp. 3d at 733 (cleaned up). Regarding exclusions, "[i]t is impossible to hold an insurance company liable for a risk it did not assume,"and, thus, "[c]lear and specific exclusions must be enforced." *Hunt*, 496 Mich. at 373 (cleaned up).

### III.    Default Judgment

Under Federal Rule of Civil Procedure 55(b)(2), this Court may enter a final judgment of default against a party who has failed to respond to the complaint. "'[A] defendant's default does not in itself warrant the court entering a default judgment.'" *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (alteration in original) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206.[1] But, because a defendant is not deemed to admit facts that are not well-pled or to concede conclusions of law, the trial court must first determine whether there is a sufficient basis in the pleading for the judgment. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

### ANALYSIS

Accepting Wesco's well-pled allegations as true, the Court finds that the Policy does not cover Blaise's conduct. The Motion for final default judgment as to Count I is therefore **GRANTED**. The Court also finds that Wesco has satisfied its burden of showing that, even if the Policy did apply, Blaise's actions would fall into (at least one of) the Policy's exclusions. Wesco's Motion as to Count II is thus likewise **GRANTED**.

*First*, as to the Policy itself. In determining whether the Policy applies, the Court must accept Wesco's well-pled allegations as true. *See Nishimatsu*, 515 F.2d at 1206. And, in construing the terms of the Policy under Michigan law, the parties' intent—as elucidated by the plain and ordinary meaning of the Policy's terms—controls. *See Scott*, 86 F. Supp. 3d at 733; *cf.* A. Scalia

---

[1] Decisions of the former Fifth Circuit issued prior to October 1, 1981 are binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

& B. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 69 (2012) ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation.").

The Policy was signed by Wesco and Blaise A. Repasky, PC. *See* Policy at 21. The only entity the Policy lists as a "Named Insured" is Blaise A. Repasky, PC—which the Policy describes as having only *one* attorney. *See id.* at 4. Under the Policy, coverage applies only to a claim "arising out of an act or omission in the performance of legal services by the Insured or by any person for whom the Insured is legally liable." *Id.* at 8. "Legal services" is further defined to include "services performed by an Insured for others as a lawyer . . . *only if* such services are performed for a fee that inures to the benefit of the Named Insured." *Id.* (emphasis added). But Wesco alleges that the services underlying the Underlying Complaint inured to the benefit of Repasky & Repasky—and not to Blaise A. Repasky, PC (i.e. the "Named Insured"). *See* Compl. ¶ 42. Accepting those well-pled allegations as true, the Court concludes that Wesco is entitled to a final default judgment as to Count I of its Complaint.

*Second*, the exclusions. Under Michigan law, if the Policy's exclusions are "[c]lear and specific," they "must be enforced." *Hunt*, 496 Mich. at 373. Section IV of the Policy "clear[ly]" states that it does not apply "to any claim based on or arising out of an Insured's capacity as . . . a former, existing, or prospective officer, director, shareholder partner or manager of a business enterprise . . . unless such enterprise or organization is named in the Declarations." Policy at 13. In those Declarations, the Policy "specific[ally]" lists only one entity—Blaise A. Repasky, PC. *See* Policy at 4.

And yet, Wesco avers that, in the Underlying Complaint, Blaise Repasky was sued in his capacity as a partner of Repasky & Repasky—and not in his capacity as the sole proprietor of Blaise A. Repasky, PC. *See* Compl. ¶ 40; Underlying Complaint at 1. Accepting those well-pled

allegations as true, the Court finds that the Underlying Action is excluded from the Policy's coverage—and that Wesco is thus entitled to a final default judgment as to Count II.

***

Because the Court will enter a final default judgment as to both Counts I and II—and because those counts entitle Wesco to all the relief it seeks—the Court need not address Wesco's arguments about Counts III (an alternative theory of liability) or IV (an alternative form of relief).

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Plaintiff's Motion for Final Default Judgment [ECF No. 27] is **GRANTED** as follows:

1. The Court hereby **DECLARES** that the Plaintiff, Wesco Insurance Company, has no duty to defend or indemnify the Defendants—Blaise Repasky; Blaise A. Repasky, PC; Alexander Repasky; and Repasky & Repasky—in the Underlying Action, which is pending in the Circuit Court for the 15th Judicial Circuit in and for Palm Beacy County, Florida, under case caption *Dean v. Alexander Repasky, et al.*, Case No. 50 2019 CA 001979.

2. Under Federal Rule of Civil Procedure 58, a final default judgment will be entered separately.

3. The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED AS MOOT**. All pending hearings and deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of June 2020.

           **ROY K. ALTMAN**
           **UNITED STATES DISTRICT JUDGE**

cc:     counsel of record